UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LOWERY,<br><br>    Plaintiff,<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:22-cv-01979-EFB (SS)<br><br><br>ORDER |

    Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $28,400.00.  ECF No. 20.  Defendant has filed a response.  ECF No. 22.  Plaintiff was awarded past due benefits, and she previously entered into a retainer agreement with her attorney providing that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case.  ECF No. 20-3.

    The amount requested is less than 25% of the past due benefits awarded to plaintiff.  *See* ECF No. 20-1 at 4 (plaintiff was awarded a total of $137,630.70 in past-due benefits).  Plaintiff's attorney spent 32.9 hours litigating the case.  ECF No. 20-4.

    42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

1    Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After a stipulated remand for further proceedings, plaintiff was found disabled and awarded past-due benefits as of January 2019. ECF Nos. 19 & 20-1 at 3. The Commissioner withheld from that award $34,407.68, which represented 25 percent of the award, for attorney fees. ECF No. 20-1 at 4. The $28,400.00 fee requested by counsel represents an hourly rate of about $863.00. *See* ECF No. 22 at 2. Counsel did not delay these proceedings, and his representation of plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court. Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social Security law, and the results achieved in this case, the court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

Counsel acknowledges that the award must be offset by the fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 20. Accordingly, the court will include in its ruling an order directing him to refund the EAJA fees previously awarded – $7,782.21 – to plaintiff. *See* ECF No. 19. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 20) is granted.

3. Plaintiff's counsel is awarded a total of the $28,400.00 in fees pursuant to 42 U.S.C. § 406(b).

4. Upon receipt of the fee award, counsel shall refund to plaintiff the sum of $7,782.21, previously awarded under the EAJA.

Dated: February 6, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE